UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA NEWMAN,<br><br>      Plaintiff,<br><br>      v.<br><br>METROPOLITAN LIFE INSURANCE<br>COMPANY, et al.,<br><br>      Defendants. | Civil Action No. 12-10078-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                           March 8, 2013

### I.     Introduction

Plaintiff Barbara Newman ("Newman") brings this action against numerous defendants under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 et seq., alleging that she was improperly denied disability benefits and suffered an adverse employment action in retaliation for being a whistleblower.  Certain defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), (5) and (6).  Newman opposes the motion and asks for leave to amend the complaint to cure jurisdictional defects and include additional claims.  The motion to dismiss is GRANTED in part and DENIED in part.  Newman's motion for leave to amend is GRANTED in part and DENIED in part.

### II.    Factual Allegations

Unless otherwise indicated, the facts are as alleged in the complaint.  Newman, proceeding pro se, filed a complaint that attaches over two hundred pages of exhibits and

contains twenty-one single-spaced pages of allegations that are, in large measure, rambling, repetitive and difficult to follow.  However, a "document filed pro se is 'to be liberally construed,'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), and the Court has attempted to do so here.

### A. Employment and Whistleblower Allegations

Newman began employment with Lehman Brothers Inc. ("LBI") on May 9, 2007. Compl. ¶ 23.  Newman was aware of "non-public privileged and confidential information" relating to Lehman Brothers' "true financial condition."  Id. ¶ 4.  Prior to Lehman Brothers' bankruptcy, Newman reported its ERISA and Sarbanes-Oxley ("SOX") violations to the Occupational Safety and Health Administration ("OSHA") and the Securities and Exchange Commission ("SEC") and maintains whistleblower status under SOX and the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank").  Id.  On March 17, 2008, LBI terminated Newman in retaliation for being a whistleblower and denied her access to the "company benefit systems."  Id. ¶¶ 26, 37.  However, Newman continued working until April 16, 2008.  Id. ¶ 30.

### B. Denial of Plan Benefits

Effective January 1, 2008, MetLife issued to Lehman Brothers Holdings Inc. ("LBHI") the Lehman Brothers Holdings Inc. Group Benefits Plan (the "Plan"), which is an employee welfare benefit plan governed by ERISA.  Id. ¶¶ 1, 18.  The Plan includes the Lehman Brothers Short Term Disability Plan (the "STD Plan"), the Lehman Brothers Long Term Disability Plan (the "LTD Plan"), the Lehman Brothers Supplemental Insurance — Contributory LTD Plan (the "Supplemental Plan") and the Lehman Brothers Group Life Insurance Plan — Basic Life

Continued Protection (the "Life Insurance Plan"). Id. ¶ 18. As an employee of LBI, Newman was a participant in the Plan. Id. ¶ 23. MetLife, as the "Plan Administrator," is authorized to decide whether a person insured under the Plan is eligible and entitled to receive benefits. Id. ¶¶ 24, 25. MetLife also pays those benefits. Id. ¶ 26.

On February 4, 2008, Newman submitted a "Statement of Health Form" to MetLife for supplemental long-term disability benefits. Id. ¶ 27. On April 16, 2008, Newman submitted a claim to MetLife for short-term disability benefits. Id. ¶ 28. Newman alleges that LBI submitted the date of March 12, 2008 as the onset of Newman's disability to MetLife as a means to cover up Newman's termination. Id. ¶ 27. She further alleges that, also on April 16, 2008, LBI submitted, on Newman's behalf, a worker's compensation claim through AIG Insurance to the State of New York for an "on the job injury," which Newman did not have. Id. The claim stated that Newman was disabled as of March 12, 2008 due to "multiple blows to the head." Id. MetLife approved Newman's claim for short-term disability benefits on April 21, 2008, but provided benefits beginning on March 12, 2008, a date prior to the beginning of her disability. Id. ¶¶ 25, 31. That is, Newman alleges, MetLife paid LBI a lump sum from March 12, 2008 through April 16, 2008 for New York State Worker's Compensation even though Newman was not injured on the job and never claimed to be, and did not apply for worker's compensation. Id. ¶ 26. According to Newman, MetLife and Lehman Brothers conspired in this manner to cover up her retaliatory dismissal. Id. ¶ 27.

On October 20, 2008, MetLife terminated Newman's short-term disability benefits as of September 16, 2008, even though she was entitled to these benefits until October 22, 2008. Id. ¶ 34. Newman also alleges that MetLife never provided her with short-term disability benefits

3

and that what she received was a salary continuation from Lehman Brothers that MetLife disguised as short-term disability benefits. Id. ¶¶ 28, 76. On November 7, 2008, MetLife denied Newman's long-term disability claim without a review. Id. ¶ 36.

Between 2008 and 2011, Newman repeatedly appealed the date of the onset of her disability, the termination of her short-term benefits and denials of her applications for long-term and supplemental disability benefits. See Id. ¶¶ 31–57. On May 27, 2011, MetLife informed Newman that she had exhausted her administrative appeals. Id. ¶ 58.

### III. Procedural History

On January 12, 2012, Newman initiated this action by filing her initial complaint. D. 1. On May 14, 2012, Newman filed an amended complaint asserting claims against numerous defendants including but not limited to MetLife and the defendants who bring this motion, namely Neuberger Berman, LLC, Neuberger Berman Group, LLC, Neuberger Berman Management Inc., Neuberger Berman Holdings LLC and "Neiberger [sic] Berman" (collectively, the "Neuberger Berman Defendants"); Andrew Komaroff, George Walker, Joseph V. Amato, William J. Fox and Carol Rado (collectively, the "Individual Defendants"); the Plan, the STD Plan, the LTD Plan, the Supplemental Plan, Lehman Brothers Group Benefits Plans, the Life Insurance Plan and Lehman Brothers Holdings Inc./Plan Trust (collectively, the "Plan Defendants"); and LBHI. D. 4. Although Newman does not identify the claims she is asserting or specify which claims she brings against which defendants, it appears that she is alleging violations of sections 501, 502, 510 and 511 of ERISA, in addition to a claim for "bad faith lawsuits." D. 4 at 14, 19. On July 30, 2012, LBHI, the Neuberger Berman Defendants, the Individual Defendants and the Plan Defendants (collectively, "the LBHI Defendants") moved to

dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(2), (5) and (6).  Defs. Mot., D. 41.  On November 1, 2012, Newman filed a consolidated opposition to the motion to dismiss and motion for leave to amend.  Pl. Opp., D. 55. [1]

### IV.     Motion to Dismiss for Lack of Personal Jurisdiction over the Individual Defendants

The LBHI Defendants argue that the claims against the Individual Defendants should be dismissed for lack of personal jurisdiction.  Defs. Mem. at 9–10; Fed. R. Civ. P. 12(b)(2).  In a diversity case, a federal court's exercise of personal jurisdiction must be authorized by the forum state's long-arm statute and must comply with the Constitution.  Lyle Richards Int'l, Ltd. v. Ashworth, Inc., 132 F.3d 111, 112 (1st Cir. 1997).  Because the Massachusetts long-arm statute is construed "as being coextensive with the limits permitted by the Constitution," this Court may "turn directly to the constitutional test" for determining jurisdiction.  Adelson v. Hananel, 652 F.3d 75, 80 (1st Cir. 2011).  A court may exercise two types of personal jurisdiction, general and specific, and "either one, standing alone, is sufficient," but as a matter of due process, either requires that the defendant have sufficient "minimum contacts" with the forum state.  Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005).  Specific jurisdiction requires that the plaintiff's claim relate to the defendant's contacts with the state, and general jurisdiction requires that the defendant have "continuous and systematic contacts with the state."  Id.  For either specific or general jurisdiction, the defendant's contacts with the state must be "purposeful."  Id.  Finally, the court's exercise of jurisdiction must be "reasonable under the circumstances."  Id.

---

[1] The Court notes that it has given Newman multiple opportunities to file her opposition to the motion to dismiss.  Newman first filed her opposition and motion for leave to amend on August 14, 2012, but much of the text of the document was faded and illegible and the Court gave her until August 31, 2012 to file a legible copy.  D. 48, 49.  On August 30, 2012, Newman filed a motion for a thirty-day extension to file a legible opposition, D. 52, which the Court granted and set a deadline of October 31, 2012.  D. 54.  Newman filed a legible copy on November 1, 2012. D. 55.

"Once a defense of lack of personal jurisdiction has been raised, the plaintiff has the burden of showing that the court has personal jurisdiction over the defendant." Rissman Hendricks & Oliverio, LLP v. MIV Therapeutics Inc., No. 11-10791-MLW, 2012 WL 4529021, at *1 (D. Mass. Sept. 28, 2012); see also Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995) (noting that "the plaintiff, who bears the burden of proving the existence of in personam jurisdiction, must carry the devoir of persuasion on the elements of relatedness and minimum contacts"). The LBHI Defendants argue that Newman has failed to make a prima facie showing of personal jurisdiction over the Individual Defendants. Defs. Mem. at 9. The "prima facie" standard requires the Court to consider "whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992). "To make a prima facie showing of this caliber, the plaintiff ordinarily cannot rest upon the pleadings, but is obliged to adduce evidence of specific facts." Foster-Miller, Inc., 46 F.3d at 145. Newman has neither alleged facts demonstrating personal jurisdiction in the amended complaint nor offered evidence of facts demonstrating same in her opposition. Accordingly, Newman has failed to meet her burden of showing that personal jurisdiction exists.[2]

---

[2] The Court notes that the "prima facie" standard is just one of "a trio of standards, each corresponding to a level of analysis, that might usefully be employed" by a court when faced with a motion to dismiss for want of personal jurisdiction. Foster-Miller, Inc., 46 F.3d at 145. "Where a court determines that it would be unfair 'to force an out-of-state defendant to incur the expense and burden of a trial on the merits in the local forum without first requiring more of the plaintiff than a prima facie showing,' it may employ one of two alternative standards, the 'preponderance of the evidence' standard or the 'likelihood' standard." Newman v. European Aeronautic Defence & Space Co. Eads N.V., 700 F. Supp. 2d 156, 159 (D. Mass. 2010) (quoting Boit, 967 F.2d at 676–77). However, these standards are not warranted here where Newman has not even made a prima facie showing of personal jurisdiction over the Individual Defendants.

Newman seeks leave to amend to allege a basis for personal jurisdiction over the Individual Defendants, but fails to proffer any additional jurisdictional facts. See Pl. Opp. at 3. However, even if Newman were to amend as to personal jurisdiction, the claims that are asserted against the Individual Defendants are otherwise dismissed on the merits, as discussed below. Accordingly, the Court denies Newman's motion for leave to plead a basis for personal jurisdiction over the Individual Defendants given that it would be futile to do so as to the claims that appear to be asserted against them. See Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001) (noting that leave to amend a complaint pursuant to Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires," so long as there is no adequate basis for denial such as futility).[3]

## V.     Motion to Dismiss for Failure to State a Claim

### A.     Standard of Review

In considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court will dismiss a complaint or a claim that fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To state a plausible claim, a complaint need not contain detailed factual allegations, but it must recite facts sufficient to at least "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555. "A pleading that offers 'labels and conclusions' or 'a

---

[3] The LBHI Defendants also argue that the claims against the Individual Defendants should be dismissed because Newman failed to properly serve these defendants. Defs. Mem. at 8–9; Fed. R. Civ. P. 12(b)(5). Because the Court has found that Newman has not met her burden of showing that the Court has personal jurisdiction over the Individual Defendants and the claims against the Individual Defendants are otherwise dismissed on the merits, the Court need not address whether Newman has met her burden of establishing proper service. See Saez Rivera v. Nissan Mfg. Co., 788 F.2d 819, 821 n.2 (1st Cir. 1986) (noting that faced with a Fed. R. Civ. P. 12(b)(5) challenge, the burden of proof to establish proper service rests on the plaintiff).

formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557) (alteration in original). A complaint must contain sufficient factual matter that, accepted as true, would allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted).

### B. Sections 501 and 511 of ERISA Provide No Private Right of Action

Newman asserts claims against the LBHI Defendants for violations of sections 501, 29 U.S.C. § 1131, and 511 of ERISA, 29 U.S.C. § 1141. Compl. at 14, 19. However, these provisions provide for criminal penalties and therefore are not enforceable in a civil action. See Phillips v. Amoco Oil Co., 799 F.2d 1464, 1472 (11th Cir. 1986) (noting that "[s]ection 1141 is a criminal statute that provides no private right of action but allows only for criminal prosecution by the United States Attorney General"); Dickerson v. Mut. of Am., 703 F. Supp. 2d 283, 294–95 (S.D.N.Y. 2010) (holding that the plaintiff lacked standing to enforce section 501, one of ERISA's criminal provisions, because the "enforcement of the criminal provisions is the exclusive province of the Attorney General"). Accordingly, the Court grants the LBHI Defendants' motion to dismiss as to these claims.

### C. Any Claim for Violation of Section 510 is Time-Barred

Newman also asserts a claim against the LBHI Defendants for violation of section 510, 29 U.S.C. § 1140, of ERISA based upon the alleged termination of her employment from LBI in

8

retaliation for being a whistleblower. Compl. at 14, 19, ¶¶ 5, 26, 73; Pl. Opp., at 6–7. Newman alleges that "[t]o cover up their retaliatory unfavorable personnel action," LBI submitted to MetLife the date of March 12, 2008 as the date on which Newman first became disabled, even though Newman was still working on that date. Compl. ¶¶ 25, 27. The LBHI Defendants argue that this claim should be dismissed because it is time-barred. Defs. Mem. at 7.

      Section 510 of ERISA makes it unlawful:

> For any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . .

29 U.S.C. § 1140; see also Cameron v. Idearc Media Corp., 685 F.3d 44, 48 (1st Cir. 2012). "Because Congress did not provide a statute of limitations in the ERISA statute for section 510 claims, federal courts must apply the limitations period of the state-law cause of action most analogous to the federal claim." Muldoon v. C.J. Muldoon & Sons, 278 F.3d 31, 32 (1st Cir. 2002). A section 510 claim is most analogous to state-law actions for wrongful termination or retaliatory discharge. Id. Although it is unclear whether New York's or Massachusetts's law applies in this case, see Defs. Mem. at 7 & 8 n.7, either state's law will lead to the same result — that the claim is time-barred. See Lexington Ins. Co. v. Gen. Accident Ins. Co. of Am., 338 F.3d 42, 46 (1st Cir. 2003) (explaining the "well-established and prudential-principle than when the result in a case will not be affected by the choice of law, an inquiring court, in its discretion, may simply bypass the" choice-of-law analysis).

      Under Massachusetts law, Newman's section 510 claim for benefits is most analogous to Mass. Gen. L. c. 260, § 2A and a three-year statute of limitations applies. Muldoon, 278 F.3d at

9

32. Under New York law, Newman's claim is most analogous to N.Y. Work. Comp. L. § 120 and a two-year statute of limitations applies. Sandberg v. KPMG Peat Marwick, L.L.P., 111 F.3d 331, 335–36 (2d Cir. 1997). Federal law applies to determine the date on which Newman's claim accrued and starts the clock on the two-year or three-year statute of limitations.[4] Edes v. Verizon Commuc'ns, Inc., 417 F.3d 133, 139 (1st Cir. 2005). For a claim under section 510, "it is the [challenged employment] decision and the participant's discovery of this decision that dictates accrual of Plaintiffs' cause of action." Id. (alteration in original) (quoting Tolle v. Carroll Touch, Inc., 977 F.2d 1129, 1140–41 (7th Cir. 1992)) (internal quotation marks omitted). Because Newman's cause of action accrued in March 2008, the date on which she alleges she was wrongfully terminated, Compl. ¶ 26, and she did not file her section 510 action until January 2012, her action is time-barred under the analogous Massachusetts or New York state law provisions. Accordingly, the Court grants the LBHI Defendants' motion to dismiss as to this claim.

      **D.**    **The Claim for Benefits Pursuant to Section 502 Lies Only Against MetLife and the Plan**

Newman brings a claim under section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), to recover short-term disability benefits, long-term disability benefits and supplemental long-term disability benefits that she is allegedly entitled to under the Plan. Compl. ¶¶ 61–62. Newman clarifies in her opposition that she asserts this claim to recover both

---

[4] Newman relies upon Burke v. Bodewes, 250 F. Supp. 2d 262 (W.D.N.Y. 2003), to argue that a six-year statute of limitations should apply to this claim. Pl. Opp. at 6. However, that case is inapposite as it refers to a different ERISA section, section 413, which does specify an express limitations period. Burke, 250 F. Supp. 2d at 265 (noting that the statute of limitations for breach of fiduciary duty actions brought under ERISA is six years in the case of fraud or concealment pursuant to 29 U.S.C. § 1113); see also Berger v. AXA Network LLC, 459 F.3d 804, 808 n.2 (7th Cir. 2006) (noting that section 510 "was codified in Part 5 of ERISA, 'Administration and Enforcement,' to which the statute of limitations in § 1113 expressly does not apply").

her unpaid disability benefits and the right to future benefits "against the Plan and the fiduciary (fiduciaries) of the Plan," that the "administrators and the decision makers of the Plan include both MetLife . . . and LBHI Defendants" and that MetLife and the LBHI Defendants are thus proper defendants in this ERISA benefits action. Pl. Opp. at 6, 14. The LBHI Defendants argue that they are not the proper defendants under this claim because MetLife is the Plan's administrator. Defs. Mem. at 5–7.

Section 502 provides a cause of action for a plan participant "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "It is under this statutory provision that claims, such as this one, challenging denials and termination of employer-sponsored disability benefits are brought." Terry v. Bayer Corp., 145 F.3d 28, 34 (1st Cir. 1998). The proper defendant in a suit to recover benefits under section 502(a)(1)(B) is the "plan itself." Evans v. Akers, 534 F.3d 65, 72 (1st Cir. 2008). Accordingly, the Plan, which includes the STD Plan, the LTD Plan, the Supplemental Plan and the Life Insurance Plan, is a proper defendant.[5]

The proper defendants for this claim also include "the plan administrators in their official capacities." Id. However, if "an entity or person other than the named plan administrator takes on the responsibilities of the administrator, that entity may also be liable for benefits." Gomez-Gonzalez v. Rural Opportunities, Inc., 626 F.3d 654, 665 (1st Cir. 2010). For the purposes of a claim for benefits under section 502(a)(1)(B), the plan administrator, or the person or entity functioning as the administrator, is the person or entity that has the authority or responsibility for

---

[5] Newman seeks leave to amend her section 502 claim and cites 29 U.S.C. 1132(d)(1), which provides that "[a]n employee benefit plan may . . . be sued under this subchapter as an entity." Pl. Opp. at 11. Because the Court finds that the Plan is a proper defendant, there is no need for Newman to amend her complaint.

administering benefits under the plan. See id. at 666 (holding that the claimant's employer who only performed "ministerial functions in the processing of [the claimant's] disability claims" could not "be held liable under ERISA for the denial of [the claimant's] disability claims"); Evans v. Emp. Benefit Plan, 311 F. App'x 556, 558 (3d Cir. 2009) (explaining that "[i]n a claim for wrongful denial of benefits under ERISA, the proper defendant is the plan itself or a person who controls the administration of benefits under the plan" and "[e]xercising control over the administration of benefits is the defining feature of the proper defendant under 29 U.S.C. § 1132(a)(1)(B)").

In this case, Newman makes several allegations in the complaint that MetLife is the named "Plan Administrator," the entity that is designated by the Plan to decide whether a person is eligible and entitled to receive benefits and pays the benefits, and is the entity that denied her claims for benefits. See, e.g., Compl. ¶¶ 17 ("MetLife as administrator both determines and pays claims under ERISA . . . ."), 24 (alleging that the "Summary Plan Description for Lehman Brothers Holdings Inc." specifies that "Metropolitan Life Insurance Company is the 'Plan Administrator' not just the 'Claims Administrator'" for the Plan), 26 ("Metropolitan Life Insurance Company under the terms of the Policy must pay the benefits owed to each insured person whom Metropolitan Life Insurance Company decides is eligible and entitled to receive short term disability benefits, long term disability benefits, supplemental long term disability benefits, basic term life insurance and supplemental term life insurance"), 69 ("The Plan, acting through 'MetLife,' arbitrarily and capriciously denied Ms. Newman'[s] claim for benefits and then arbitrarily and capriciously failed to provide a full and fair review of that denial"). None of

the other allegations in the complaint sufficiently allege that any other entity besides MetLife is the plan administrator or processed Newman's disability claims under the Plan.[6]

Newman cites several cases to support her argument that the she can pursue her section 502(a)(1)(B) claim against fiduciaries and that the LBHI Defendants are fiduciaries and thus proper defendants for this claim. See Pl. Opp. at 8–12, 14. However, the cases she cites concern suits against fiduciaries of an ERISA plan for breach of fiduciary duty or suits against nonfiduciaries that knowingly participate in the plan fiduciaries' breach of their fiduciary duties, not claims to recover one's own disability benefits. See, e.g., Mertens v. Hewitt Assocs., 508 U.S. 248 (1993) (a class action against the retirement plan's actuary pursuant to section 502(a)(3) alleging that the actuary had knowingly participated in the plan fiduciaries' breach of their fiduciary duties); Braden v. Wal-Mart Stores, Inc., 588 F.3d 585 (8th Cir. 2009) (a class action asserted on behalf of a "Profit Sharing and 401(k) Plan" against employer and various executives pursuant to section 502(a)(2) for breach of fiduciary duty); Diduck v. Kaszycki & Sons Contractors, Inc., 974 F.2d 270 (2d Cir. 1992) (a class action brought on behalf of participants and/or beneficiaries of pension and welfare funds alleging breach of fiduciary duty by fiduciary pursuant to section 502(a)(2) and knowing participation in the breach by non-fiduciary pursuant to "federal common law").

---

[6] Newman alleges Lehman Brothers Holdings Inc. Group Benefits Plan is the "Plan Administrator" according to a June 29, 2007 Form 11-K filing with the SEC. Compl. ¶ 3. However, this filing, which is attached as an exhibit to the LBHI Defendants' motion to dismiss, identifies Lehman Brothers Holdings Inc. Employee Benefit Plans Committee as the Plan Administrator for the Lehman Brothers Savings Plan not the disability plans from which Newman alleges she is entitled to benefits. See Defs. Mem., Ex. A, D. 42-1 at 7; Giragosian v. Ryan, 547 F.3d 59, 66 (1st Cir. 2008) (noting that a "court may consider matters of public record in resolving a Rule 12(b)(6) motion to dismiss").

To the extent that Newman is also asserting a claim for breach of fiduciary duty pursuant to section 502(a)(2), this claim too must be dismissed.[7] Section 502(a)(2) provides that "[a] civil action may be brought by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2). Section 1109, in turn, specifies the following remedies for breaches of fiduciary duty: "mak[ing] good to such plan any losses to the plan resulting from each such breach," "restor[ing] to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary," and "such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." Id. § 1109(a).

Suits brought pursuant to section 502(a)(2) are "derivative in nature," Akers, 534 F.3d at 70 n.4, and there is no indication in the complaint or Newman's opposition that Newman is bringing suit on behalf of the Plan. In the "request for relief" section of the complaint, Newman only requests direct relief on her own behalf.[8] See Compl. at 19–20. Furthermore, Newman repeatedly states in her opposition that she has "brought an action under [s]ection 502" to

---

[7] The Court notes that although the complaint is devoid of references to section 502(a)(2) or 29 U.S.C. § 1109 where Newman specifies the statutory basis for her claims and request for relief, see Compl. at 14, 19, there are allegations relating to breaches of fiduciary duty in the complaint. See e.g., id. ¶ 60. "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

[8] Newman requests the following relief: (1) an "award of money equal to the sum of the monthly short-term disability benefits which were never provided for 26 weeks including the liberalized portion, long-term disability benefits and supplemental long-term disability benefits due under the terms of the Plan since April 16, 2008 which were never provided, with prejudgment interest"; (2) a "declaration certifying that Ms. Newman is entitled to both past and future benefits under the terms of the Plan"; (3) an "award of costs, disbursements, and reasonable attorney's fees"; (4) "recovery of an award for emotional distress and financial harm caused by MetLife's conduct in addition to punitive damages"; and (5) "[s]uch other and further relief as this Court may decide is just and proper." Compl. at 19–20.

"recover both her unpaid disability benefits and the right to future benefits." See, e.g., Pl. Opp. at 6, 8, 14. Since Newman is only seeking recovery on her own behalf, rather than recovery that "inures to the benefit of the plan's participants and beneficiaries," Akers, 534 F.3d at 70 n.4, she cannot articulate a claim pursuant to section 502(a)(2). See LaRue v. DeWolff, Boberg & Assocs., Inc., 552 U.S. 248, 256 (2008) (explaining that section 502(a)(2) "does not provide a remedy for individual injuries distinct from plan injuries"); Jones v. Metro. Life Ins. Co., 729 F. Supp. 2d 467, 473 (D. Mass. 2010) (noting that the plaintiff "requests only monetary damages and has therefore not articulated a claim under ERISA § 502(a)(2) or 502(a)(3)"). Therefore, since Newman has failed to state a claim that can survive the LBHI Defendants' Fed. R. Civ. P. 12(b)(6) challenge, the Court need not address the further question of whether the LBHI Defendants are the proper defendants under section 502(a)(2). See Akers, 534 F.3d at 72 (noting that the "chief difference between an action brought under § 502(a)(1)(B) and § 502(a)(2) is the proper defendant").

Accordingly, the Court denies the LBHI Defendants' motion to dismiss this claim as to the Plan, which includes the STD Plan, the LTD Plan, the Supplemental Plan and the Life Insurance Plan, and grants the motion as to the remainder of the LBHI Defendants.

### E. ERISA Preempts Newman's "Bad Faith Lawsuit" Claim

Newman asserts a claim for "bad faith lawsuits" under Massachusetts law based upon MetLife's denial of her disability benefits and seeks an award for emotional distress and financial harm and punitive damages. Compl. at 19–20. It is unclear what cause of action Newman is asserting or which lawsuit she means and she has not sought to amend this claim. Nevertheless, "ERISA supersedes all state laws that relate to any employee benefit plan covered

by ERISA."[9]  Walsh v. Gillette Co., No. 03-11557-REK, 2005 WL 2977426, at *2 (D. Mass. Sept. 13, 2005); see 29 U.S.C. § 1144(a).  "The Supreme Court has identified two instances where a state cause of action relates to an employee benefit plan:  where the cause of action requires 'the court's inquiry [to] be directed to the plan,' or where it conflicts directly with ERISA."  Otero Carrasquillo v. Pharmacia Corp., 466 F.3d 13, 20 (1st Cir. 2006) (alteration in original) (quoting Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 140 (1990)).  Newman's claim is based upon her denial of benefits under the Plan and thus the Court's inquiry would necessarily be directed to the Plan.  Cf. Otero Carrasquillo, 466 F.3d at 20 (finding state-law claims for fraudulent inducement and intentional infliction of emotional distress to be preempted because they would require analysis of the employee benefit plan).  Accordingly, the Court grants the LBHI Defendants' motion to dismiss as to this claim.

## VI. Motion for Leave to Amend to Add Additional Claims

In her opposition, Newman seeks leave to amend the complaint again to "add counts of retaliation" under ERISA, Dodd-Frank, SOX, and the Securities Exchange Act of 1934.  Pl. Opp. at 3.  Newman argues that she has already alleged in her complaint "the existence of discriminatory employment practices and retaliation in violation of Section 806 of [SOX]."  Pl. Opp. at 7. Section 806 of SOX contains a whistleblower protection provision, which "protects 'whistleblower' employees of publicly-traded companies by prohibiting employers from retaliating against employees because they provided information about specified potentially unlawful conduct."  Day v. Staples, Inc., 555 F.3d 42, 52 (1st Cir. 2009); see 18 U.S.C. § 1514A. SOX prohibits discharging an employee because the employee provides information to a federal regulatory or law enforcement agency, a member or committee of Congress, or a supervisor

---

[9] The exception for "any cause of action which arose, or any act or omission which occurred, before January 1, 1975" does not apply here.  29 U.S.C. § 1144(b)(1).

regarding any conduct which the employee "reasonably believes" constitutes a violation of one of the enumerated criminal statutes, any rule or regulation of the SEC, or any provision of federal law relating to fraud against shareholders. See 18 U.S.C. § 1514A(a)(1); Day, 555 F.3d at 54–55.

A person who alleges discharge or discrimination in violation of section 806 must seek relief by filing a complaint with the Secretary of Labor. 18 U.S.C. § 1514A(b)(1)(A); Lawson v. FMR LLC, 670 F.3d 61, 63 (1st Cir. 2012). The Secretary has delegated enforcement responsibilities under section 806 to the Assistant Secretary for OSHA. Lawson, 670 F.3d at 63. A plaintiff-claimant may seek de novo review in federal district court if the Department of Labor has not issued a final decision on a complaint within 180 days of its filing. 18 U.S.C. § 1514A(b)(1)(B); see Lawson v. FMR LLC, 724 F. Supp. 2d 141, 151–52 (D. Mass. 2010), rev'd in part, 670 F.3d 61 (1st Cir. 2012). Newman alleges in her complaint that she was terminated on March 17, 2008 in retaliation for being a SOX whistleblower. See Compl. ¶ 26. She further alleges that she filed a whistleblower complaint on June 23, 2008 and OSHA granted permission for her to bring a de novo action in district court. Id. ¶ 84; see also Ex. L, Pl. Opp., D. 56. Given this backdrop, the Court grants Newman leave to amend to add this SOX claim. See Bos. Scientific Corp. v. Radius Int'l, L.P., No. 06-10184-RGS, 2008 WL 1930423, at *1 (D. Mass. May 2, 2008) (noting that "the amendment of pleadings is generally permitted unless the opposing party makes a showing of undue delay, bad faith, undue prejudice, or futility").

However, unlike her request to add a SOX claim, Newman has not demonstrated why the Court should allow her to amend the complaint to add the remainder of these additional claims. See Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994) (placing the burden on the

movant to show the basis for its proposed amendments); Benson v. Univ. of Me. Sys., 857 F. Supp. 2d 171, 176 (D. Me. 2012) (noting that "[p]laintiffs typically have the burden on their motion for leave to amend"). Newman has failed to provide a proposed amended complaint or articulate the basis for these additional claims. Accordingly, the Court denies Newman's motion for leave to amend the complaint to add these additional claims. See Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc., 288 F.3d 895, 906–07 (6th Cir. 2002) (holding that the district court did not abuse its discretion in denying the plaintiff's motion for leave to amend to add an additional claim because the basis for the new claim was "completely unclear to the district court, because [the plaintiff] presented nothing more than a bare naming of that claim"); Sanders v. PFG Mortg. Trust I, No. 11-CV-13884, 2012 WL 666799, at *5 (E.D. Mich. Feb. 29, 2012); Upshaw v. Andrade, No. 10-11517-JLT, 2011 WL 3652822, at *2 (D. Mass. Aug. 10, 2011) (finding a pro se plaintiff's subsequent motions for leave to amend "deficient because they fail to attach a proposed amended complaint"), report and recommendation adopted by 2011 WL 3654408 (D. Mass. Aug. 17, 2011); Noonan v. Wonderland Greyhound Park Realty LLC, 723 F. Supp. 2d 298, 344 n.117 (D. Mass. 2010) (explaining that "in the event [the plaintiff] seeks leave to amend . . . , he must file the proper motion for leave with supporting legal authority, see LR. 7.1, and attach a copy of the proposed amended complaint").

## VII.   Conclusion

For the foregoing reasons, the LBHI Defendants' motion to dismiss is GRANTED in part and DENIED in part. The Court DISMISSES all of Newman's claims against the LBHI Defendants except for the section 502(a)(1)(B) claim that may be asserted against the Plan, which includes the STD Plan, the LTD Plan, the Supplemental Plan and the Life Insurance Plan.

Newman's motion for leave to amend is GRANTED in part and DENIED in part. Newman is GRANTED leave to amend the complaint to include a SOX claim within fourteen days of this Order.

**So ordered.**

/s/ Denise J. Casper<br>United States District Judge