## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

_____

)
)
**BARBARA NEWMAN,**  )
)
**Plaintiff,**  )
)
v.  )  **Civ. Action No. 12-cv-10078**
)
)
**METROPOLITAN LIFE INSURANCE,**  )
**COMPANY, et al.,**  )
)
**Defendants.**  )
)
)
_____)

### MEMORANDUM AND ORDER

**CASPER, J.**                                                      **January 21, 2015**

## I.      Introduction

Plaintiff Barbara Newman ("Newman") brings this action against twenty defendants under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 *et seq.*, and the whistleblower provisions of the Sarbanes-Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514A. The LBHI Defendants (defined below) have moved to dismiss the claims against them in Newman's second amended complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction; 12(b)(5) for insufficient service of process; and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. D. 107, 111. For the reasons stated below, the Court ALLOWS the motion. The case will proceed only as to Newman's ERISA claim against defendants Metropolitan Life Insurance Co. ("Metlife") and Lehman Brothers Holdings Inc. Group Benefits Plan (the "Plan").

## II.  Standard of Review

### A.  Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2)

In the face of a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that personal jurisdiction exists.  Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 8 (1st Cir. 2009).  The Massachusetts long-arm statute extends specific jurisdiction to the full extent permitted by due process, so the Court may proceed directly to the constitutional analysis.  Adelson v. Hananel, 652 F.3d 75, 80 (1st Cir. 2011).  Each defendant must have minimum contacts with Massachusetts such that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

There are two types of personal jurisdiction – general and specific.  A defendant is subject to general jurisdiction if it has engaged in "continuous and systematic activity" in the forum unrelated to the lawsuit.  Pritzker v. Yari, 42 F.3d 53, 60 (1st Cir. 1994).  Specific jurisdiction requires that a plaintiff's claim be related to the defendant's contacts with the forum.  Id.  The Court conducts a three-part inquiry to determine whether it may exercise specific personal jurisdiction over a defendant:  relatedness, purposeful availment and reasonableness.  Astro-Med, 591 F.3d at 9.

### B.  Motion to Dismiss Pursuant to Rule 12(b)(6)

In considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court will dismiss a pleading that fails to plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To state a plausible claim, a claim need not contain detailed factual allegations, but it must recite facts sufficient to at least "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." Twombly, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To determine plausibility, the Court must separate "the complaint's factual allegations (which must be accepted as true) . . . from its conclusory legal allegations (which need not be credited)." Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012). The Court must then "determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (quoting Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011)).

### C. Insufficient Service of Process Pursuant to Rule 12(b)(5)

"Effectuation of service is a precondition to suit." Jenkins v. City of Topeka, 136 F.3d 1274, 1275 (10th Cir. 1998). While a defendant bears the initial burden to challenge the validity of service of process, once a defendant makes a Fed. R. Civ. P. 12(b)(5) motion, the burden shifts to the plaintiff to establish that process was appropriate. Morse v. Mass. Exec. Office of Public Safety, No. 12-cv-40160-TSH, 2013 WL 1397736, at * 1 (D. Mass. April 4, 2013); see Blair v. City of Worcester, 522 F.3d 105, 111-12 (1st Cir. 2008) (stating that the burden of proving proper service returns to plaintiff after defendant rebuts presumption of proper service arising from return of service).

## III. Factual Background

Unless otherwise indicated, the facts are as alleged in the SAC. Newman was formerly employed by the Corporate Communications department of Lehman Brothers Inc. ("LBI"). D. 103 ¶ 7. She alleges that she worked for the Investment Management Division, presumably of LBI, and for "Neuberger Berman," then a wholly-owned subsidiary of LBI. Id. at 1-2.

Newman believed that LBI was violating securities laws and reported her concerns to her superiors, to LBI via an "alert line" and ultimately to the Securities and Exchange Commission ("SEC"). Id. ¶¶ 8-10. Newman alleges that various defendants retaliated against her for reporting unlawful conduct by LBI and its subsidiaries by terminating her employment and interfering with her benefits. Id. at 4 & ¶¶ 44-45. On July 23, 2008, Newman filed a complaint under Section 806 of SOX with the Occupational Safety and Health Administration ("OSHA"). D. 103 at 5, D. 108-1. In Count I of the SAC, Newman claims that the alleged retaliatory actions, namely her termination and interference with her benefits, constitute violations of SOX. D. 103 ¶¶ 42-45. Count I is asserted against three groups of defendants. The first group comprises LBI and the Plan (collectively, the "Lehman Defendants"). Id. at 1, 3. The second group consists of Neuberger Berman, LLC; Neuberger Berman, Inc.; Neuberger Berman Management, LLC; Neuberger Berman Group, LLC; and Neuberger Berman Management, Inc. (collectively, the "Neuberger Berman Defendants"). Id. at 1, 2. The last group is composed of individual defendants[1] (the "Individual Defendants"). Id. at 1, 3-4.

Concurrent to her whistle-blowing activity, Newman sought disability benefits through benefits plans administered by the Plan under an insurance policy issued to LBI by defendant Metlife. Id. ¶¶ 11, 15. Newman was approved for short term disability ("STD") benefits. Id. ¶¶ 17-18. LBI terminated Newman's employment while she was receiving STD benefits. Id. ¶ 19. It appears that Newman subsequently sought long term disability ("LTD") and supplemental LTD benefits, both of which were denied, as were Newman's appeals of those denials. Id. ¶¶ 26, 27, 30, 31, 33, 38. Metlife eventually informed Newman that her administrative remedies under

---

[1]The Individual Defendants listed in the SAC are Joseph V. Amato, Erin S. Callan, Karen Coviello, William J. Fox, Scott Freidheim, Richard S. Fuld, James W. Giddens, Andrew Komaroff, Ian Lowitt, Carol Rado, Thomas A. Russo, and Wendy Uvino. D. 103 at 3-4.

the plan had been exhausted and that she could sue under Section 502(a) of ERISA. <u>Id.</u> ¶ 39. In Count II of the SAC, Newman seeks to recover LTD benefits from the Plan pursuant to 29 U.S.C. § 1132 (a)(1)(B). <u>Id.</u> ¶ 55. This claim is asserted against the Plan; Lehman Brothers Holdings, Inc., Group Benefits Plans Administrators (the "Plan Administrators"); the Individual Defendants; and Metlife. <u>Id.</u> at 1.

In Count III of the SAC, under the equitable theories of restitution, mandamus and surcharge, Newman seeks to recover healthcare costs she incurred as a result of the loss of LTD benefits. <u>Id.</u> ¶¶ 58-60. The SAC appears to assert Count III against all defendants.

## IV. Procedural History

Newman, proceeding *pro se*, initiated this action on January 12, 2012. D. 1. On May 14, 2012, Newman amended her complaint. D. 4. Several defendants moved to dismiss the amended complaint. D. 41. The Court granted the motion in part, denied it in part and permitted Newman to amend her complaint in part. D. 57. The Court ruled that Newman had failed to establish personal jurisdiction over the Individual Defendants and that leave to re-plead would be futile because the claims asserted against the Individual Defendants were also dismissed on the merits. <u>Id.</u> at 6-7. The Court further concluded Newman's claim under Section 502(a)(1)(B) of ERISA could lie only against Metlife and certain plan-affiliated defendants encompassed by the Plan: the Lehman Brothers Short Term Disability Plan, the Lehman Brothers Long Term Disability Plan, the Lehman Brothers Supplemental Insurance – Contributory LTD Plan and the Lehman Brothers Group Life Insurance Plan – Basic Life Continued Protection. <u>Id.</u> at 10-15. Finally, the Court granted leave to Newman to amend her complaint to add a SOX claim based on alleged retaliation for being a SOX whistleblower. <u>Id.</u> at 16-19.

On May 22, 2013, Newman, still proceeding *pro se*, filed a revised complaint, D. 67, which several defendants again moved to dismiss, D. 71, 77.  On March 5, 2014, the Court granted the motion in part.  D. 98.  The Court concluded that Newman's SOX claim was not time-barred.  Id.  The Court dismissed the SOX claim as to Metlife because Newman failed to exhaust her administrative remedies against this defendant.  Id.  Finally, the Court ordered Newman to file another amended complaint limited to the remaining ERISA and SOX claims. Id.

In November 2013, Newman secured counsel.  D. 84.  She filed the operative complaint, the  SAC, on April 24, 2014.  D. 103.  The following defendants have now moved to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(2), (5) and (6):  the Plan, the Neuberger Berman Defendants and Individual Defendants Amato, Coviello, Fox, Komaroff, Rado and Uvino (collectively, the "LBHI Defendants").  D. 107.  Metlife joins the motion as to Count III for equitable relief.  D. 111.  The Court held a hearing on the pending motions on November 5, 2014 and took the matters under advisement.  D. 133.

## V.    Discussion

### A.    SOX claim

The LBHI Defendants first argue that Newman's SOX claim must be dismissed as to all of them except Individual Defendant Coviello because Newman failed to name them in her OSHA complaint.  D. 108 at 5.  Section 806 of SOX provides whistleblowers with protection from retaliation.   Under the provision, a public company or employee thereof may not discriminate against any employee who "provide[s] information, cause[s] information to be provided, or otherwise assist[s] in an investigation" regarding conduct that that the employee "reasonably believes constitutes a violation of . . . any rule or regulation of the [SEC], or any

provision of Federal law relating to fraud against shareholders."  18 U.S.C. § 1514A(a)(1).

"Before an employee can assert a cause of action in federal court under [SOX], the employee

must file a complaint with [OSHA] and afford OSHA the opportunity to resolve the allegations

administratively."  Bozeman v. Per-Se Techs., Inc., 456 F. Supp. 2d 1282, 1356 (N.D. Ga. 2006)

(quoting Willis v. Vie Fin. Group, Inc., No. 04-435, 2004 WL 1774575, at * 6 (E.D. Pa. Aug. 6,

2004)).  During the time relevant here, Newman was required to file her OSHA complaint

"[w]ithin 90 days after an alleged violation of the Act."  29 C.F.R. § 1980.103(d); 18 U.S.C. §

1514A(b)(2)(D).  If a complainant satisfies this requirement and OSHA does not issue a final

administrative decision within 180 days, she is authorized to seek *de novo* review in federal

court.[2]  18 U.S.C. § 1514A(b)(1)(B).

   "A federal court can only conduct a *de novo* review of those SOX whistleblower claims

that have been administratively exhausted."[3]   Bozeman, 456 F. Supp. 2d at 1357 (internal

quotation marks and alterations omitted).  The LBHI Defendants renew their argument that

Newman's OSHA complaint was not timely filed and, therefore, Newman did not exhaust her

administrative remedies.  D. 108 at 6 n.7.  To show that Newman filed her OSHA complaint

within the 90-day window, she had to allege her termination date from LBI.  Newman's previous

---

[2]It appears to be undisputed that OSHA did not issue a final administrative decision within 180 days of Newman's complaint. D. 103 at 5, D. 108.

[3]It appears that no circuit court has addressed whether this requirement to exhaust administrative remedies is jurisdictional.  However, relying on circuit precedent and citing district court cases, the Fourth Circuit assumed, without deciding, that the failure to exhaust administrative remedies deprives a district court of subject matter jurisdiction.  See Feldman v. Law Enforcement Assoc. Corp., 752 F.3d 339, 345-46 (4th Cir. 2014) (citing Stone v. Instrumentation Lab. Co., 591 F.3d 239, 240 (4th Cir. 2009) (stating SOX "expressly provides a [district court] jurisdiction to entertain whistleblower actions") and Stone v. Duke Energy Corp., 432 F.3d 320, 322-23 (4th Cir. 2005) (noting SOX "confers jurisdiction on a district court when the qualifying complainant files his complaint there)).  Because of the multiple infirmities of Newman's SOX claim, the Court need not decide whether failure to exhaust administrative remedies implicates subject matter jurisdiction.

complaint alleged a termination date of April 24, 2008 and that was the date on which the Court relied in holding that Newman's SOX claim was not time-barred.  D. 98.  However, Newman's SAC omits any allegation of her termination date, merely alleging that "Newman was terminated."  D. 103 ¶ 19.

The complaint that Newman filed with OSHA on July 23, 2008 states in two separate places that she was terminated on April 23, 2008.  D. 108-1 at 1, 5 (asserting that "I was retaliated against by [LBI] through termination on April 23, 2008" and "[o]n April 23, 2008, I was terminated from Lehman Brothers").[4]  The record now before the Court thus indicates that Newman filed the OSHA complaint 91 days after her termination from LBI.  Having failed to exhaust her administrative remedies, Newman's SOX claim must be dismissed.

Even, however, assuming the OSHA complaint was filed in a timely manner, within the 90-day period, Newman's SOX claim faces an additional obstacle:  she omitted from her OSHA complaint all but one of the defendants (Coviello) against whom she now asserts her SOX claim.[5]  D. 108-1 at 3-4.  Newman asserts her SOX claim against the Lehman Defendants,[6] the

---

[4]In deciding whether a plaintiff timely filed an OSHA complaint, a court is "entitled to consider both the language of the complaint and the attachments referred to in the complaint and submitted by [the defendant] with its motion to dismiss."  Rzepiennik v. Archstone-Smith, Inc., No. 08-1129, 2009 WL 1513994, at * 3 (10th Cir. June 1, 2009).  "If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied."  Id. (quoting GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997)).  Here, Newman refers to her OSHA complaint in her SAC and the movants attached it to their memorandum in support of their motion to dismiss.  D. 103 at 5, D. 108-1.

[5]The motion to dismiss was filed on behalf of a group of Defendants that includes Coviello.  D. 108 at 1 n.1.  However, Coviello is omitted from the list of Defendants against whom the Defendants argue the SOX claim must be dismissed for failure to name in the OSHA complaint.  Id. at 5.  Nonetheless, for the reasons stated below, the Court lacks personal jurisdiction over Coviello, and the SAC is dismissed as to Coviello on those grounds.

[6]Newman continues to assert the SOX claim against LBI, but LBI is in bankruptcy and protected by an automatic stay pursuant to 11 U.S.C. § 362(a) barring the commencement or

Neuberger Berman Defendants and the Individual Defendants. D. 103 at 1. "While the regulations implementing SOX may provide for individual liability, that does not obviate the need for the [p]laintiff to exhaust [her] administrative remedies for each claim [she] seeks to assert against each defendant." Bozeman, 456 F. Supp. 2d at 1357.

District courts disagree as to whether a plaintiff must name each defendant as a respondent in her OSHA complaint or whether merely identifying each defendant as an actor within the body of the complaint is sufficient. Compare, e.g., Bozeman, 456 F. Supp. 2d at 1357 (granting summary judgment for failure to include defendants as respondents to OSHA complaint although defendants were identified as actors in body of complaint); Hanna v. WCI Cmntys, Inc., No. 04-cv-80595, 2004 U.S. Dist. LEXIS 25652, at *7-9 (S.D. Fla. Nov. 15, 2004) (dismissing SOX claim against defendant mentioned in body of OSHA complaint but not named as respondent in complaint heading) with Jones v. Southpeak Interactive Corp., No. 3:12cv443, 2013 WL 1155566, at * 4 (E.D. Va. Mar. 19, 2013) (denying motion to dismiss where defendant was not listed in heading of OSHA complaint but complaint described defendant as a person "who the complaint is being filed against"); Morrison v. MacDermid, Inc., No. 07-cv-01535-WYD-MJW, 2008 WL 4293655, at *3 (D. Colo. Sept. 16, 2008) (concluding OSHA complaint sufficiently named defendant where defendant described as "a major actor in the alleged wrongdoing").

The rationale for requiring a plaintiff to list each defendant in the heading of her OSHA complaint is that it puts OSHA on notice of each defendant whom it must investigate to resolve the plaintiff's claim. Bozeman, 456 F. Supp. 2d at 1358. The argument against requiring a plaintiff to name defendants individually in the OSHA complaint heading is that the regulations

---

continuation of judicial proceedings against it. D. 44 (suggestion of bankruptcy); D. 109 (notice by LBI and Trustee James Giddens). For that reason, Newman's claims against LBI are stayed.

governing the OSHA complaint state that "[n]o particular form of complaint is required" and naming a defendant in the body of a complaint still allows OSHA to conduct an adequate investigation. 29 C.F.R. § 1980.103(b); see Jones, 2013 WL 1155566, at * 4.

In the present case, the LBHI Defendants argue that Newman's SOX claim should be dismissed as to the Neuberger Berman Defendants, the Plan, and Individual Defendants Amato, Fox, Komaroff, Rado and Ulvino because Newman failed to name them at all in her OSHA complaint. D. 108 at 5-6. The first page of the OSHA complaint cites LBI as the retaliating party. D. 108-1 at 1. But the body of the complaint states that "I am alleging the following individuals violated the Act and am filing a complaint." Id. at 2. What follows is a list of individuals, all of whom share a Lehman Brothers address, that includes only Individual Defendant Coviello but none of the other Individual Defendants. Id. at 3-4. It also does not include the Plan or the Neuberger Berman Defendants. Id. Newman, therefore, failed to exhaust her administrative remedies as to the Plan,[7] the Neuberger Berman Defendants and the Individual Defendants who have moved to dismiss the SOX claim on this basis.

### B.      Personal jurisdiction

Even if Newman had properly named all the Individual Defendants in her OSHA complaint, she has still failed to establish that the Court can exercise personal jurisdiction over them here. The Court previously observed that "Newman has failed to meet her burden of showing that personal jurisdiction exists" as to a different but overlapping group of individual

---

[7]Newman's SOX claim against the Plan fails for the additional reason that she has not alleged that the Plan was her employer. Smith v. Psychiatric Solutions, Inc., No. 3:08cv3/MCR/EMT, 2009 U.S. Dist. LEXIS 27608, at * 27 (N.D. Fla. Mar. 31, 2009) (granting summary judgment because plaintiff did not allege that defendant was her employer as required to establish a SOX whistleblower claim). Newman's SAC indicates that she was hired by Lehman Brothers, not the Plan, D. 103 ¶ 6, and that the Lehman Defendants "are employers," id. ¶ 42, but she never alleges that she was employed by the Plan. Absent an employment relationship, a SOX claim cannot lie as to the Plan.

defendants and declined to allow Newman leave to amend as to personal jurisdiction because "it would be futile to do so as to the claims asserted against them."  D. 57 at 6, 7.   Since then Newman has added her SOX claim and argues that she has sufficiently asserted personal jurisdiction over the Individual Defendants because they have "close working ties to Neuberger Berman" which "avail[ed] itself to the consequences of doing business and soliciting customers from Massachusetts."  D. 116 at 2.

Newman's SAC does not allege any facts demonstrating personal jurisdiction, nor has she submitted evidence supporting jurisdiction with her opposition.  Even if the Court accepts that the Individual Defendants are closely affiliated with the Neuberger Berman Defendants, it does not follow that the Individual Defendants are subject to general jurisdiction, which requires continuous and systematic contacts with Massachusetts.  Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005).  Nor has Newman made a showing of specific jurisdiction as there are no allegations that her claims arise directly out of, or are related to, the Individual Defendant's forum-based activities, the threshold required for specific personal jurisdiction.  Id. at 60-61. Because Newman has failed to meet her burden, all claims against the Individual Defendants are dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**C.** **Service of Process**

The LBHI Defendants also assert, pursuant to Fed. R. Civ. P. 12(b)(5), that Newman has failed to serve properly Individual Defendants Fox, Komaroff and Amato because Newman served their employers through the employers' designated agents.  D. 108 at 7; see D. 9, 13, 15 (executed summonses).  Fed. R. Civ. P. 4(e) authorizes service upon an individual within a judicial district of the United States to be made by (1) following state law for serving a summons; (2) delivering a copy of the summons and complaint to the individual personally; (3)

leaving a copy of the summons and complaint at the individual's place of abode with someone who meets the applicable age requirement; or (4) delivering the summons and complaint to an agent authorized to receive service of process. "Service is not sufficient if left at an individual's place of employment with someone not authorized to accept service on the individual's behalf." Levesque v. Rutland Cty. Sheriff's Dep't, No. 09-cv-437-JL, 2010 WL 4916567, at *1 (D.N.H. Dec. 1, 2010). Even if personal jurisdiction existed with respect to Individual Defendants Fox, Komaroff and Amato, dismissal without prejudice would still be appropriate for failure to serve a defendant within 120 days after the filing of the SAC. Fed. R. Civ. P. 4(m).

### D. Claim for equitable relief

Newman obtained leave from the Court to file an amended complaint specifically "limited to those ERISA claims against the Plan [] and a SOX claim against the remaining LBHI Defendants." D. 98. The addition of Count III for equitable relief is beyond the scope of the Court's grant of leave to amend. Count III is, therefore, stricken from the SAC. Fed. R. Civ. P. 15(a)(2) (stating that "a party may amend its pleading only with the opposing party's written consent or the court's leave").

### E. ERISA claim

The Court has already concluded that Newman may press her ERISA claim (Count II) against the Plan and Metlife. D. 57 at 10-15. It appears that Newman now seeks to assert the ERISA claim in the SAC against the Individual Defendants. D. 103 at 1. To the extent she seeks to do so, and as a separate basis for dismissal, the Court strikes the ERISA claim as to the Individual Defendants and once again stresses that the ERISA claim lies only with respect to the Plan and Metlife.

**F.      Fed. R. Civ. P. 10(b)**

Finally, the LBHI Defendants urge the Court to order Newman to comply with Fed. R. Civ. P. 10(b), which requires a plaintiff to state her claims in numbered paragraphs. D. 108 at 9. The SAC contains more than five pages of unnumbered allegations before it sets forth enumerated paragraphs. The Rules of Civil Procedure are to "be construed and administered to secure the just . . . determination of every action and proceeding." Fed. R. Civ. P. 1. The defendants in this action have been put on notice of the claims against them and can adequately respond, particularly where the only claim now remaining is the ERISA claim. To avoid further delay in the proceedings, Counts I and III are struck from the SAC. Count II, the ERISA claim, may proceed against the Plan and Metlife. To ease the remaining defendants' ability to answer, the following sections of the SAC are also stricken: "Neuberger Berman Defendants" (pages 2-3); "Individual Defendants" (pages 3-4); "Applicability of Sarbanes-Oxley" (pages 4-5); "Newman's Exhaustion of Administrative Remedies" (page 5); and "Background" (pages 5-6). The Plan and Metlife's answers may letter each of the remaining paragraphs that precede the SAC's numbered paragraphs and respond in sequence.

**VI.      Conclusion**

For the foregoing reasons, the Court ALLOWS the LBHI Defendants and Metlife's motions to dismiss, D. 107, 111. The SOX and equitable relief claims (Counts I and III) are dismissed as to all defendants. As noted in footnote 6, Newman's claims against LBI are stayed. The ERISA claim (Count II) is dismissed as to all defendants other than the Plan and Metlife. The Plan and Metlife must file their answers to the ERISA claim by no later than February 4, 2015.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge